UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LISA TSERING, et al.,

          Plaintiffs,

v.

META PLATFORMS, INC.,

          Defendant.

Case No. 25-cv-01611-RFL

**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Re: Dkt. No. 58

Following the Court's order granting Defendant Meta Platforms, Inc.'s motion to dismiss (Dkt. No. 52), Plaintiffs Lisa Tsering and Dominique Davis filed their third amended complaint (Dkt. No. 53 ("TAC")).  The third amended complaint asserts four claims:  (1) violation of the California Computer Data Access and Fraud Act ("CDAFA"), (2) use of a pen register in violation of California Penal Code § 638.51, (3) unjust enrichment, and (4) invasion of privacy. Meta again moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 58.) For the reasons that follow, the motion to dismiss is **GRANTED**.  This order assumes the parties' familiarity with the facts of the case, the applicable legal standards, and both sides' arguments.[1]

***CDAFA Claim***.  The complaint fails to state a claim under CDAFA because it does not plausibly allege that Meta knew its access and use of data was without users' permission.  The complaint alleges that Meta "received Plaintiffs' geolocation data incidental to [their] communications with third-party mobile applications . . . knowing that precise geolocation data is sensitive data."  (TAC ¶ 11.)  Meta allegedly states in its Business Tools Terms "that

---

[1] Meta's unopposed request that the Court take judicial notice of Meta's blog post, MobilityWare and NextDoor's policies, and Meta's Business Tools and Audience Network terms is granted. (Dkt. No. 60.)

developers may not share data with [it] that is 'sensitive information.'" (*Id*.)  Thus, the complaint asserts that Meta was "[a]t minimum, . . . on inquiry notice to check the privacy policies of said third-party developers . . . to ensure proper disclosures were made," but nonetheless failed to do so.  (*Id*. at ¶ 12.)  Alternatively, the complaint alleges that Meta was "willfully blind":  by receiving geolocation data, Meta "was aware that there was a high probability that such information was being shared contrary to [its] own Business Tools Terms and the developers' privacy policies and should have confirmed there was consent for [Meta] to receive said information . . . [, but it instead] continued to receive sensitive information despite this awareness."  (*Id*. at ¶ 14.)

These allegations fail to support a plausible inference that Meta knew its access and use of data was without users' permission.  "When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation.  Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible."  *See In re Century Aluminum Co. Secs. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (citations omitted).  The allegations of the complaint do not satisfy that requirement.  The mere receipt of allegedly sensitive user information does not plausibly suggest that the recipient would (or should) know that such information was received without consent.  Plaintiffs point to Meta's Business Tools Terms, which prohibit third party developers from sharing "sensitive information."  But even assuming that geolocation data constitutes "sensitive information," whether information cannot be shared with Meta and whether such information was collected without user consent are separate issues.  A developer may send Meta information that it had agreed not to send, while at the same time complying with Meta's requirement to "obtain the necessary consent" from users "regarding the collection, sharing and use of data by Meta."  (Dkt. No. 59-19 at 3.)  Ultimately, Plaintiffs do not allege any facts "tending to exclude the possibility" that Meta lacked knowledge of the developers' consent practices.

2

Moreover, Plaintiffs' inquiry notice and willful blindness theories are insufficient to allege knowledge.  Inquiry notice does not establish knowledge under CDAFA.  *See In re A.L.*, 38 Cal. App. 5th 15, 22 (2019) ("knowingly" as used in the California Penal Code requires "proof of actual knowledge").  As to willful blindness, the complaint's allegations do not support a plausible inference (a) that Meta subjectively believed that geolocation data was being collected without users' consent and (b) that Meta's failure to investigate the privacy policies of third-party developers was motivated by a desire to avoid learning whether users consented, as is required for willful blindness.  *See Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011).

Accordingly, the complaint's allegations fail to plausibly allege that Meta knew its access and use of data was without permission, as CDAFA requires.  The motion to dismiss this claim is therefore granted.

***Invasion of Privacy Claim***.  Because the complaint does not plausibly allege that Meta knew that its access and use of data was without users' permission, it fails to plausibly allege that Meta's alleged collection of geolocation data occurred in a manner highly offensive to a reasonable person.  *Hubbard v. Google LLC*, No. 19-cv-07016-SVK, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024).  Therefore, the motion to dismiss this claim is granted.

***Pen Register Claim***.  The complaint fails to state a pen register claim because its allegations do not support a plausible inference that the geolocation data and IP addresses Meta's SDKs are alleged to have intercepted constitute "dialing, routing, addressing, or signaling information" rather than the "contents" of the communications at issue.  Cal. Penal Code § 638.50(b).  The complaint's allegations that the SDKs "do not collect the contents of the communication[s] between the user and the application" and that the geolocation data and IP addresses collected were "incidental" to such communications are conclusory.  (TAC ¶¶ 6, 18; *see also id*. at ¶¶ 24, 29, 35, 53.)  And the remaining allegations fail to plausibly support the requisite inference.

Plaintiffs allege "when a user (1) downloads/installs an application containing the Facebook SDK and/or Facebook Audience Network SDK or (2) communicates with said application by launching the application on his or her phone or using certain application features, [Meta], incidental to the user's communication with the application, collects a user's public IP address and the user's precise geolocation data." (*Id*. at ¶ 6; *see also id.* at ¶¶ 53–55.)  Plaintiffs also allege, as a general matter, that geolocation data and IP addresses can constitute addressing information.  (*See, e.g.*, *id*. at ¶¶ 57–59.)  But Plaintiffs do not allege any facts indicating that IP addresses or geolocation data were actually used as dialing, routing, addressing, or signaling information for the download or installation of the applications, or for other subsequent communications involving the applications.  *Cf. Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924, 929 (N.D. Cal. 2024) (concluding IP address connected to outgoing HTTP request was addressing information).  The complaint therefore fails to state a pen register claim, and the motion to dismiss this claim is granted.

**Unjust Enrichment Claim**.  Because Plaintiffs have not stated a claim against Meta for any unlawful conduct, they have also failed to state an unjust enrichment claim.  *See Doe I v. Google LLC*, 741 F. Supp. 3d 828, 849 (N.D. Cal. 2024).  Accordingly, the motion to dismiss this claim is granted.

**Conclusion**.  For the foregoing reasons, the motion to dismiss is granted.  Because Plaintiffs have already been given an opportunity to correct the deficiencies identified by this Order and have failed to adequately address these issues in their third amended complaint, the Court concludes that further amendment would be futile.  Accordingly, dismissal is with prejudice, without leave to amend.

**IT IS SO ORDERED.**

Dated: May 21, 2026

RITA F. LIN
United States District Judge

4